IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY MACK RICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:23-cv-00391-MTT-CHW |
| v. | : | |
| | : | |
| Warden BERRY, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jimmy Mack Rice, a prisoner at Ware State Prison in Waycross, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. He has also filed a motion for leave to proceed *in forma* pauperis without the statutory supporting documents (ECF No. 2), a request for preliminary injunctive relief (ECF No. 4), and a motion to appoint counsel (ECF No. 8). As explained below, Plaintiff's motion to appoint counsel (ECF No. 8) is **DENIED** and it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunctive relief (ECF No. 4) also be **DENIED**. Furthermore, Plaintiff shall have one final opportunity to address his statutorily incomplete motion to proceed *in forma pauperis* or pay the filing fee.

### Motion for Preliminary Injunction

On October 23, 2023, Plaintiff filed a letter with this Court. ECF No. 4. Plaintiff's letter includes a request that the Court "send this prison an order (Ware State Prison) …to allow [Plaintiff] copies or carbon paper and time in there law library to do legal work". *Id*. Plaintiff further states that he is in the infirmary, that he needs

"supplies, paper, envelopes, stamps, pens, copies, and privite (sic) legal mail help," and that he is "suffering due process". *Id*. Plaintiff's request that this Court order Ware State Prison to provide Plaintiff with supplies and law library time is construed as a request for preliminary injunctive relief.

The grant or denial of a preliminary injunction is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites.'" *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F2d. 1535, 1537 (11th Cir. 1989) (citations omitted).

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1178–79 (11th Cir. 2020) (citing *Ne. Fla. Ch. of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). Thus, "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Brown v. Anglin*, 2016 WL 6803133, at *1 (N.D. Fla. Jun. 27, 2016)

(denying motion for preliminary injunction related to a sexual assault that was wholly unrelated to claim in suit of lack of access to legal materials), *report and recommendation adopted sub nom. Brown v. Holland*, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016); *see also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994). The Court "may not grant injunctive relief to remedy an alleged [constitutional] violation" that "is not at issue in th[e] suit" before the Court. *See King v. Zamiara*, 788 F.3d 207, 217–18 (6th Cir. 2015) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Plaintiff's claims in his request for injunctive relief are wholly unrelated to the conduct complained of in the complaint. Plaintiff's complaint arises from a hospitalization in June 2022 while in the custody of Baldwin State Prison, when Plaintiff claims he was assaulted by Defendant Ofc. Padrazza. ECF No. 1 at 3-5. Plaintiff's request for injunctive relief, by contrast, is based upon allegations that officials at Ware State Prison violated his due process rights. ECF No. 4. Ware State Prison lies in the Southern District of Georgia. *See* 28 U.S.C. § 90(c)(4). This Court is not the proper venue for any federal claims regarding Plaintiff's current incarceration at Ware State Prison, and any such claims as the Plaintiff raises in his request for injunctive relief must be filed in the Southern District of Georgia. *See* 28 U.S.C. § 1391(b).

Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief that this Court issue an order that Ware State Prison must provide supplies and law library time to the Plaintiff (ECF No. 4) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this recommendation that injunctive relief be denied with the Honorable Marc T. Treadwell, United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## Motion for an Appointed Attorney

Plaintiff has moved this Court to appoint him an attorney.  ECF No. 8.  As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

4

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth essential factual allegations. *See generally* ECF No. 1. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his allegations to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 8) is **DENIED**.

Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## Motion to Proceed *In Forma Pauperis*

On October 10, 2023, Plaintiff filed a motion to proceed *in forma pauperis*. ECF No. 2. However, Plaintiff did not attach to his motion an account statement showing his transactions for the previous six months. *Id*. Federal law mandates that a prisoner seeking to proceed *in forma pauperis* shall provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). On October 26, 2023, this Court notified Plaintiff of this law and ordered Plaintiff to submit to the Court a certified copy of his inmate account statement for the preceding

5

six months or pay the full filing fee. ECF No. 5. Plaintiff did not respond, and on November 22, 2023, Plaintiff was ordered to show cause why this action should not be dismissed for failure to obey a Court order or otherwise submit his account statement as ordered. ECF No. 6. Plaintiff has responded that he was temporarily transferred to another facility where he was unable to retrieve a copy of his account statement. ECF Nos. 7 and 9. As of December 6, 2023, however, Plaintiff was returned to Ware State Prison (*see* ECF No. 10). As of that date, he should have already been in the process of paying the $402 filing fee or, if indigent, submitting to the Court a certified copy of his inmate account for the six months preceding the filing of this civil action. Plaintiff is reminded that filing fees must properly be addressed when a civil action is filed in a district court. If Plaintiff does not pay the filing fee or submit a certified account statement within **FOURTEEN (14) DAYS** of the date below, then this action may be dismissed without prejudice.

## Conclusion

Based on the foregoing, Plaintiff's motion for an appointed attorney (ECF No. 8) is **DENIED**. It is further **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 4) be **DENIED**. Plaintiff is once again **ORDERED** to either pay the $402.00 filing fee or submit a certified account statement that is signed by a prison official for the six months preceding the filing of his complaint within **FOURTEEN (14) DAYS** from the date of this Order. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to comply with this Order may result in the dismissal of this civil action.**

The **CLERK** is **DIRECTED** to forward an account certification form to Plaintiff along with a service copy of this Order (with the case number showing on both). There will be no service of process in this case until further order of the Court.

**SO ORDERED and RECOMMENDED**, this 15th day of December, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge