IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY MACK RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-391 (MTT) |
| | ) |
| Warden BERRY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pro se Plaintiff Jimmy Mack Rice, a prisoner incarcerated at Ware State Prison, filed this 42 U.S.C. § 1983 action.  Doc. 1.  Rice also moved to proceed *in forma pauperis*, for preliminary injunctive relief, and for an order appointing counsel.  Docs. 2; 4; 8.  United States Magistrate Judge Charles Weigle denied Rice's motion to appoint counsel without prejudice, ordered him to either pay the necessary filing fee or provide the documentation required by statute to proceed *in forma pauperis*, and recommends denying Rice's motion for injunctive relief.  Doc. 11.  Rice has filed no objections, nor has he filed a timely request for an extension of time to file objections.  Instead, Rice filed four miscellaneous letters regarding an alleged assault, the policies of Macon Navicent Health Hospital, the importance of this case to him, and his hardships.  Docs. 11; 13; 14; 15; 19; 20.  A fifth letter was also filed and docketed as a motion for clarification of the Magistrate Judge's Report and Recommendation.[1]  Doc. 16.

---

[1] Rice's "motion" asks the Court to "please forgive [his] ignorance and the issues that come from [him] not understanding the court's order and recommendation."  Doc. 16 at 1.  He does not otherwise address the

Because Rice did not sign this letter, he was given fourteen days to sign and refile his "motion". He has not done so. Therefore, the Court strikes the motion (Doc. 16) pursuant to Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.") Accordingly, the Court reviews the Recommendation for clear error pursuant to 28 U.S.C. § 636(b)(1), though the outcome would be the same under de novo review.

Rice's lawsuit is based on an alleged assault when he was hospitalized in June 2022 while Rice was in the custody of Baldwin State Prison. Doc.1 at 3-5. Rice's requested preliminary injunction, however, concerns allegations that officials at Ware State Prison violated his due process rights. Doc. 4. He asks this Court to order Ware State Prison to provide him with various supplies and law library time. *Id.* But Rice's motion seeks to enjoin individuals other than those named as defendants in this case. Doc. 12. The Court lacks jurisdiction to issue injunctive relief against a non-party. *See*, *e.g.*, *Faircloth v. Baden*, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party."); *Powell v. Owens,* 2017 WL 3730522 (M.D. Ga. Aug. 29, 2017) (same). Rice also seeks relief wholly unrelated to the claims underlying his complaint. "A district court should not issue an injunction when the injunction in question is not of the same character and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). Therefore, Rice's motion for a preliminary injunction is inappropriate.

---

Magistrate Judge's Recommendation and merely reiterates his complaints about various prisons and unrelated incidents.

-3-

Accordingly, after review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 11) is **ADOPTED** and made the Order of the Court.  Rice's motion for injunctive relief (Doc. 4) is **DENIED** without prejudice.

**SO ORDERED**, this 2nd day of February, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT