**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JIMMY MACK RICE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **No. 5:23-cv-00391-MTT-CHW** |
| **v.** | : | |
| | : | |
| **Warden BERRY,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

_____

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Jimmy Mack Rice, a prisoner at Ware State Prison in Waycross, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 2.  Plaintiff also previously requested the appointment of an attorney (ECF No. 8) which was denied on December 15, 2023 (ECF No. 11).  Plaintiff has now filed another request for the appointment of an attorney.  ECF No. 21.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but his request for an attorney (ECF No. 21) is **DENIED**, as discussed below.

This complaint is ripe for preliminary review. Upon such review, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendant Padraza for further factual development.  Plaintiff may also proceed with his First Amendment retaliation claim against Defendant Martin for further factual development.  It is

**RECOMMENDED**, however, that Plaintiff's claims against Defendants Berry and Wellpath Health Care be **DISMISSED without prejudice** for failure to state a claim.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed a request for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   On October 26, 2023, Plaintiff was ordered to provide a certified copy of his inmate account statement for the previous six months in support of his motion to proceed *in forma pauperis* as mandated by 28 U.S.C. § 1915(a)(1)-(2).   ECF No. 5.   Plaintiff has now submitted a certified copy of his inmate account statement.   ECF Nos. 12 and 18.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.   Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any

2

successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**SECOND MOTION TO APPOINT AN ATTORNEY**

Plaintiff previously moved this Court to appoint him an attorney.   ECF No. 8. Plaintiff's motion for appointed counsel was denied on December 15, 2023.   ECF No. 11.

In that December 15, 2023 Order, Plaintiff was explicitly instructed that "there is no need for Plaintiff to file additional requests for counsel" because "[s]hould it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time". *Id*. Despite this Court's specific instructions, Plaintiff has now filed another request for the appointment of an attorney. ECF No. 21

Plaintiff is once again notified that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed two complaints following the format and style of the Court's standard form and setting forth factual allegations. *See generally* ECF No. 1; ECF No. 23. The applicable legal doctrines in Plaintiff's claims are readily apparent, the issues presented are not complex, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

ability to present claims to the Court for review.   Indeed, the Court has conducted such a review as set forth below.

For these reasons, Plaintiff's second request for appointment of counsel (ECF No. 21) is **DENIED**. Plaintiff is once again instructed that should it later become apparent that legal assistance is required so to avoid prejudice to Plaintiff's rights, the Court, ***on its own motion and accord***, will consider assisting him in securing legal counsel at that time. Thus, ***there is no need for Plaintiff to file additional requests for counsel.***

## PROCEDURAL HISTORY

On April 24, 2023, Plaintiff filed a § 1983 complaint in the Southern District of Georgia, in which he raised claims about his incarceration in June 2022 at Baldwin State Prison.   *Rice v. Berry*, Case no. 3:23-cv-34-DHB-BKE (S.D. Ga.), ECF No. 1.   The Southern District ordered the transfer of Plaintiff's complaint to the Middle District of Georgia (*Id.*, ECF No. 3), but Plaintiff's complaint was never transmitted to this Court.

In October 2023, Plaintiff drafted another § 1983 complaint concerning his June 2022 incarceration at Baldwin State Prison and this complaint was filed in the Middle District of Georgia.   ECF No. 1.   Plaintiff included with his newest complaint a letter in which he referenced the previous complaint that he filed in the Southern District of Georgia and the order to transfer that previous complaint to this Court.   *See id*.   This Court then conducted a review of PACER and found the complaint from the Southern District of Georgia that had not been transmitted to this Court.   After an inquiry to the Clerk's office in the Southern District of Georgia, the April 2023 complaint was transmitted to this Court

5

on October 12, 2023, and was docketed as *Rice v. Berry*, Case no. 5:23-cv-398-MTT-CHW.   On October 23, 2023, the Court conducted an initial review of both of Plaintiff's complaints then pending in this Court and determined that consolidation of Plaintiff's complaints into one civil action was proper because Plaintiff's two complaints raised claims against the same Defendants about the same June 2022 events arising from his imprisonment at Baldwin State Prison.   *Rice v. Berry*, Case no. 5:23-cv-00398-MTT-CHW (M.D. Ga.), ECF No. 6.   Therefore, it was ordered that *Rice v. Berry,* 5:23-cv-00398-MTT-CHW be consolidated into *Rice v. Berry,* 5:23-cv-00391-MTT-CHW and that *Rice v. Berry,* 5:23-cv-00398-MTT-CHW be administratively closed as duplicative.   *Id*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).   *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Id*.

(internal quotation marks omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."   *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id.* at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

As a preliminary matter, a later filed complaint normally supersedes an initial complaint unless the amended complaint specifically refers to or adopts the original complaint. *See Schreane v. Middlebrooks*¸ 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam). In this case Plaintiff refers to his initial complaint (ECF No. 23) in a letter attached to his amended complaint (ECF No. 1-1). Due to the convoluted procedural history of Plaintiff's civil action and because Plaintiff references his initial complaint in the filing of his latter complaint, the Court will, out of an abundance of caution, consider both complaints in its preliminary review.

Although Plaintiff is currently incarcerated at Ware State Prison, Plaintiff's claims arise from his previous imprisonment at Baldwin State Prison in 2022. ECF No. 1, 3-5. Plaintiff states that on June 15, 2022, while still a prisoner of Baldwin State Prison, he was at Navicent Health hospital recuperating from open heart surgery. *Id*. Plaintiff alleges that his surgeon requested that his restraints be removed for Plaintiff to undergo therapy and that the request was approved by prison personnel. *Id*. Plaintiff complains that when Defendant Padraza[2] came on duty, "he grabbed [Plaintiff] and jurked (sic) [his] arm

---

[2] Plaintiff states that Sgt. Padraza is an employee of the Georgia Department of Corrections

attempting to put flex cuffs on [Plaintiff]". *Id*. Plaintiff states he "pulled away and was punched in the face 3 times then wrestaled (sic) into Room 409 and caused to bust 2 staples lose and cause [Plaintiff's] drain tubes to come out". *Id*. Plaintiff claims that Navicent Health Police responded and asked "Padrazza to leave the hospital". *Id*. Plaintiff also complains that Warden Berry denied his grievance about the assault and retaliated against him by "causing [his] property to be stolen" and encouraging assaults. ECF No. 23 at 5. Plaintiff further complains that "Deputy Warden Martin threatened to have his gang cause [Plaintiff] problems if [he] continued to write letters and seek relief". *Id*. Plaintiff requests damages and asks "for those at fault to be repromanded (sic) and to have the report placed in there file and to have criminal charges brought against Ofc. Padrazza" as well as Berry and Martin.[3] ECF No. 1 at 6; ECF No. 23 at 5.

---

in Hardwick, Georgia where Baldwin State Prison is located. ECF No. 23 at 3.

[3] Although damages are permissible in a § 1983 suit, a request for criminal prosecution of a Defendant is not because the United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative. *Id*. Neither does this Court have the authority to issue "reprimands" against a state employee nor direct any state official to reprimand such an official nor direct that anything be "placed in their file". *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

III.   Plaintiff's Claims

A. *Excessive force claim against Defendant Sergeant Padraza*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986).  Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm.  *Id*. at 6.   To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7).   When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident."  *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'"  *Bowden v. Stokely*, 576 F. App'x

10

951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff alleges that Defendant Padraza repeatedly punched him in the face while he was in a hospital bed recuperating from open heart surgery.   ECF No. 1 at 5.   Plaintiff further alleges that Defendant Padraza wrestled Plaintiff into another room, causing Plaintiff's surgical staples to burst and his medical drain tube to come out of his body. *Id.* Under a liberal construction of Plaintiff's complaint, reading all allegations in his favor, Plaintiff's Eighth Amendment claim against Defendant Sergeant Padraza for use of excessive force are sufficient to proceed for further factual development.

  B.  *Claims against Defendant Deputy Warden Martin*

Plaintiff alleges that "Deputy Warden Martin threatened to have his gang cause [Plaintiff] problems if [he] continued to write letters and seek relief".   ECF No. 23 at 5. These allegations suggest that Plaintiff may be attempting to raise a claim of retaliation. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).   A prisoner litigant may state a claim for retaliation by alleging that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action.  *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).   "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the

exercise of his First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005). A plaintiff does not have to show that his own exercise of his rights has been chilled, only that a jury could find that the acts would chill a person of ordinary firmness. *Id.* at 1254-55. In *Pittman v. Tucker*, 213 F. App'x 867, 868 (11th Cir. 2007) (per curiam), the plaintiff alleged that prison officers threatened him with physical violence to deter him from filing grievances. In particular, one of the officers threatened that "something drastic" would happen if Plaintiff continued to file grievances. *Id.* at 870. The Eleventh Circuit held that "a reasonable jury could find that the threat, if made, was sufficient to deter a person of ordinary firmness from filing additional grievances" because the person who made it "held a position of significant authority and his job involved reviewing grievances." *Id.* at 871. The Court also noted that an inmate could interpret "something drastic" as a threat of violence. *Id.*

Although the alleged threat made by Defendant Deputy Warden Martin in the present case appears vague, it is similar to the threat in *Pittman*. Thus, liberally construing Plaintiff's claim against Defendant Martin and reading all allegations in Plaintiff's favor, Plaintiff's First Amendment claim of retaliation against Defendant Deputy Warden Martin can proceed for further factual development.

C.  *Claims against Defendant Warden Berry*

Plaintiff does not describe any specific actions taken by Defendant Berry other than the denial of Plaintiff's grievance. *See* ECF No. 1; ECF No. 23. A prisoner has no constitutional right to participate in grievance procedures or to receive a particular outcome

from filing a grievance. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir.2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.")). More importantly, to state a claim against a supervisory official such as a prison warden, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003). A supervisor is not "personally involved" in a constitutional violation merely because he or she fails to respond to complaints from a prisoner. *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); *see*

*also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

Although Plaintiff raises claims that Defendant Berry has retaliated against him, encouraged assaults, or caused the theft of Plaintiff's property, the only factual allegation Plaintiff makes about Defendant Berry is that he denied a grievance.   *See* ECF No. 1; ECF No. 23.   While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...." *Twombly,* 550 U.S. at 555-6 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendant Berry be **DISMISSED** without prejudice for failure to state a claim.

D.  *Claims against Wellpath Health Care*

It is unclear why Plaintiff has named Defendant Wellpath Health Care as a Defendant in this action.   Plaintiff makes no factual allegations regarding this Defendant.   *See* ECF No. 1; ECF No. 23.   A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not

14

require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Accordingly, it is **RECOMMENDED** that Plaintiff's unspecified claims as to Defendant Wellpath Health Care be **DISMISSED** without prejudice.

IV.   Conclusion

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** but his additional request for an attorney (ECF No. 21) is **DENIED.** Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendant Padraza for further factual development.   Plaintiff may also proceed with his First Amendment retaliation claim against Defendant Martin for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendants Berry and Wellpath Health Care be **DISMISSED without prejudice** for failure to state a claim.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection should be no longer than **TWENTY (20) PAGES** in length.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Sergeant Padraza and Deputy Warden Martin of Baldwin State Prison, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  The Defendants are similarly advised that they are

16

expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any

17

time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

18

FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 14th day of February, 2024.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge