IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY MACK RICE, | : |
| Plaintiff, | : |
| v. | : No. 5:23-cv-00391-MTT-CHW |
| Warden BERRY, *et al.*, | : |
| Defendants. | : Proceedings Under 42 U.S.C. §1983 |
| | : Before the U. S. Magistrate Judge |

# ORDER

Presently pending before the Court are a motion to appoint an attorney (ECF No. 40), a motion to amend the complaint (ECF No. 44). an amended complaint (ECF No. 49), and a letter containing additional allegations (ECF No. 55) by *pro se* Plaintiff Jimmy Mack Rice all filed after and possibly in response to the Magistrate Judge's February 14, 2024 order and recommendation (ECF No. 24).

**PLAINTIFF'S REQUEST FOR THE APPOINTMENT OF AN ATTORNEY**

Plaintiff has moved twice before for the Court to appoint him an attorney. ECF Nos. 8 and 21. Plaintiff's motions for appointed counsel were denied on December 15, 2023 and February 14, 2024. ECF Nos. 11 and 24. In those orders denying appointed counsel, Plaintiff was unambiguously instructed that "there is no need for Plaintiff to file additional requests for counsel" because "[s]hould it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time". *Id*. Despite this Court's unambiguous and repeated instructions, Plaintiff has now again repeatedly

requested the appointment of an attorney.  ECF Nos. 40 and 44.  Plaintiff argues he needs assistance because he has difficulty getting to the library at Ware State Prison[1] due to being in a wheelchair.  ECF No. 40.  He further argues that his "understanding is limited and heart can't take much more frustration, mental abuse, and total disreguard (sic) concerning this matter".  *Id*.  In his fourth request for an attorney, he asks the Court to consider his health and "allow an appointed attorney" so that there can be "justice without delay".  ECF No. 44 at 2.

As the Court has previously explained, "[a]ppointment of counsel in a civil case is not a constitutional right". *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*.  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth factual allegations.  *See generally* ECF No. 1.  He

---

[1] On May 11, 2024, Plaintiff filed a notice of change of address that indicates he is now incarcerated in the Dekalb County Jail in Decatur, Georgia.  ECF No. 43.  Thus, this basis for his request is now moot due to his transfer to another facility.

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

has reiterated his allegations and claims, added claims, and petitioned the court for relief numerous times. *See* ECF Nos. 7, 9, 13, 14, 15, 17, 19, 20, 27, 28, 33, 39, 44, 48, 49, and 55. The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Plaintiff has demonstrated his ability to present his claims to the Court for review. The Court further finds that the issues presented by Plaintiff's claims are not complex. For the foregoing reasons, Plaintiff's third and fourth requests for appointment of counsel (ECF Nos. 40 and 44) are **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, ***on its own motion and accord***, will consider assisting him in securing legal counsel at that time. Therefore, ***Plaintiff should not file additional requests for counsel.***

## PLAINTIFF'S ADDITIONAL MOTIONS AND PLEADINGS

Included in Plaintiff's fourth request for an attorney, Plaintiff has filed a motion to amend his complaint. ECF No. 44. Although the motion did not include a proposed amended complaint, Plaintiff has submitted a supplement to his complaint (ECF No. 39), an amended complaint (ECF No. 49), and a letter with a page from the court's standard form for §1983 complaints (ECF No. 55). Plaintiff has also submitted a document that was docketed as a motion for declaratory and injunctive relief (ECF No. 34), which is more properly construed as another proposed amendment to the complaint adding a claim for

declaratory and injunctive relief against Defendant Padraza, in addition to the claims for compensatory and punitive damages stated in the original complaint.

The Federal Rules of Civil Procedure provide that a party may amend his pleading ***only once*** as a matter of course prior to service. Fed. R. Civ. P. 15(a) (emphasis added). Here, Plaintiff has filed numerous amendments. ECF Nos. 34, 39, 49, and 55. Furthermore, it should be noted that only one sole operating complaint is permissible and that an amended complaint generally supercedes or otherwise takes the place of an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing *Pintando v. Miami–Dade Hous. Agency,* 501 F.3d 1241, 1243 (11th Cir.2007) ("Once the district court accepts the amended pleading, 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'"). The general rule of liberal construction of a *pro se* litigation does not require courts to exempt *pro se* litigants from complying with the requirements imposed by the relevant rules of procedure and substantive law. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure); *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)) ("*Pro se* litigants … are required to conform to procedural rules."). Plaintiff's

continuous filing of amendments or supplements[3] to his complaint not only violates Rule 15 but has unduly impeded the progress of this case through the litigation process and has delayed the Court's ability to conduct a proper 28 U.S.C. §§ 1915 review of this action. Plaintiff is instructed that he should now cease filing repetitive pleadings.

Nevertheless, because service of process has been executed on Defendants Padraza and Martin based upon the allegations in the original complaint and because Plaintiff reasserts claims as to Padraza but not Martin in his additional pleadings (ECF Nos. 34, 39, 49, and 55), it would complicate this civil action to abandon Plaintiff's original complaint. This Court will now generously construe the allegations and claims from Plaintiff's additional pleadings (ECF Nos. 34, 39, 49, and 55) not as superseding complaints, but rather as amendments that adopt the allegations contained within the original complaint.

For the reasons set forth, Plaintiff's motion to amend his complaint (ECF No. 44) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TERMINATE** the motion for declaratory relief (ECF No. 34), which the Court is now considering as an amendment to Plaintiff's complaint. Plaintiff is hereby advised that he may not further amend his complaint without written consent from the Defendants or by being granted leave from the

---

[3] Many of Plaintiff's pleadings are repetitive of previous pleadings. *See, e.g.*, ECF Nos. 1, 13, 14, 34, 39, 48, 49, 55. Such repetitive filing of duplicative pleadings is unnecessary and unduly wastes judicial resources and time. Moreover, it is frivolous, an abuse of the judicial process, and could subject Plaintiff to civil sanctions from this Court. *See e.g.*, *Miller v. Donald*, 541 F.3d 1091, 1097 (11th Cir. 2008) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (finding that district courts have "[c]onsiderable discretion" in "[d]esigning an acceptable procedural device to screen out frivolous IFP filings.").

Court to do so. *See e.g.*, Fed. R. Civ. P. 15(a); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laurie v. Ala. Ct. of Crim. App.,* 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (finding that the decision to grant or deny leave to amend is within the sole discretion of the district court).

## SCREENING OF AMENDMENTS TO THE COMPLAINT

In accordance with the Court's June 10, 2024 Order (ECF No. 54) and the findings above, Plaintiff's amendments to his complaint (ECF Nos. 34, 39, 49 and 55) are being screened pursuant to 28 U.S.C. § 1915A and § 1915(e). For the following reasons, Plaintiff's added Eighth Amendment claim against Defendants Officer Little and Officer Williams shall proceed for further factual development.

    I.    <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.*

6

(internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

In the amendments to his complaint, Plaintiff does not add any new claims or allegations as to Defendants Padraza and Martin, but merely repeats facts previously alleged in Plaintiff's original complaint. *Compare* ECF Nos. 34, 39, 49 and 55 *with* ECF No. 1. He now, however, adds Officer Little and Officer Williams of Baldwin State Prison as Defendants to his civil action.[4] *See* ECF No. 55 at 2. Plaintiff alleges that "…Mr. Little and Ms. Williams had actual knowledge of medical needs and the needs were met by deliberate indifference and reckless disregard to [his] 8th amendment of the Constitution". ECF No. 49 at 3-4. Plaintiff complains that "Officer Little … made no effort to inform Padraza of why [Little] had taken the restraints off but instead allowed OFC Padraza to brutally attack [Plaintiff] as did Ofc. Williams". *Id*. at 8.

III. Plaintiff's Claims

Plaintiff's complaint is construed as raising a failure to intervene claim under the Eighth Amendment. "It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." *Fundiller v. City of*

---

[4] Thus, the Clerk of Court is **DIRECTED** to add Officer Little and Officer Williams as Defendants.

*Cooper City*, 777 F.2d 1436, 1441 (11th Cir. 1985). Rather, the Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099–1100 (11th Cir. 2014). Under this standard, "an officer can be liable for failing to intervene when another officer uses excessive force." *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998)); *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." (quoting *Ensley*, 142 F.3d at 1407)); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *see also Bailey v. City of Miami Beach*, 476 F. App'x 193, 196–97 (11th Cir. 2012) (no qualified immunity for officer who watched for two or three minutes while two of his fellow officers "attacked" plaintiff); *Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (applying deliberate indifference standard to claim that prison official failed to intervene in inmate-on-inmate assault). However, "[t]o be held liable, the officer must both be 'in a position to intervene' and 'fail[ ] to do so' [and] there also must be an underlying constitutional violation." *Sebastian*, 918 F.3d at 1312 (quoting *Priester*, 208 F.3d at 924).

Plaintiff alleges that Defendants Little and Williams "allowed Ofc. Padraza to brutally attack [him]". ECF No. 49 at 8. Liberally construed, Plaintiff's Eighth Amendment claim for failure to intervene against Defendants Officer Little and Officer

9

Williams can proceed for further factual development.

## ORDER FOR SERVICE

Because Plaintiff has made colorable constitutional claims against Defendants Officer Little (male) and Officer Williams (female) of Baldwin State Prison, it is **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

11

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and DIRECTED** , this 1st day of July, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge