IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JIMMY MACK RICE,** | : | |
| | : | |
| Plaintiff, | : | Case No.: 5:23-cv-391-MTT-CHW |
| | : | |
| V. | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Warden BERRY,** *et al.*, | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Pending before the Court is Plaintiff's motion for default judgment against Defendant Martin (Doc. 63), Defendant Martin's motion to set aside default (Doc. 64), and Plaintiff's motion to allow discovery and to compel discovery. (Doc. 65). As discussed below, the Court finds that it is proper to set aside the default against Defendant Martin. Plaintiff's discovery motion is without merit and premature, but an extension of the discovery period is warranted. Accordingly, Plaintiff's motion for default judgment (Doc. 63) is **DENIED**, Defendant's motion to set aside default (Doc. 64) is **GRANTED**, and Plaintiff's motion to allow or compel discovery (Doc. 65) is **DENIED**.

### Procedural History

Plaintiff Jimmy Mack Rice, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Baldwin State Prison. (Doc. 1). When his first complaint was screened (Doc. 24), Plaintiff's claims against Defendants Padraza and Martin were allowed to proceed for factual development (*id.*), and the Clerk of Court issued service paperwork for them on February 15, 2024. (Docs. 25, 26). After the waiver for Defendant Martin was not executed, the United States Marshals Service was required to effect personal service. Defendant Martin was personally served

1

on April 4, 2024. (Doc. 42). On July 1, 2024, well after the time passed for Defendant Martin to respond to Plaintiff's complaint, the Court directed the Clerk of Court to enter a default against Defendant Martin upon the docket and instructed Plaintiff to file a motion for default judgment. (Doc. 57). The Court received Plaintiff's motion for default judgment on July 30, 2024. (Doc. 63). The next day, Defendant Martin filed his motion to set aside the default. (Doc. 64).

Since Plaintiff's original complaint was screened and Defendant Padraza answered the complaint (Doc. 53), Plaintiff has amended and supplemented his complaint to add claims against Defendants Little and Williams. (Docs. 34, 49). In a second screening order addressing these amended filings, the Court allowed Plaintiff to proceed with claims against Little and Williams for failing to intervene in the attack by Defendant Padraza. (Doc. 56). Service on these Defendants is pending. *See* (Docs. 58-60).

1. There is good cause to set aside the default against Defendant Martin.

An attachment to Defendant Martin's motion to set aside the default shows that he was no longer employed by the Georgia Department of Corrections (GDC) when he was personally served. (Doc. 64-2, ¶ 4). While Defendant Martin was a long time GDC employee, this was the first time that he had been personally served instead of receiving a waiver or other notice from the GDC about a pending case. (*Id*., ¶¶ 3-4). He did not understand that he had to start the attorney referral process. (*Id*.) Since he was contacted by the Georgia Attorney General's Office and learned that this case was in default, he has worked with his attorney to prepare a response to the case. (*Id*., ¶ 4).

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for

2

"good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996).

There is no genuine suggestion of any culpable conduct by Defendant Martin. He stated that once he understood that he was in default, he has worked with his attorney to resolve the issue. He did not willingly ignore the Court and its orders. He has also raised a potentially meritorious defense. There is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims in this action through the ordinary legal process, especially considering the new Defendants and claims were recently permitted to move forward. Therefore, Defendant Martin's motion to set aside the entry of default (Doc. 64) is **GRANTED**, and Plaintiff's pending motion for default judgment (Doc. 63) is correspondingly **DENIED**. Defendant Martin is directed to file an answer or responsive pleading **on or before August 27, 2024**.

2. Plaintiff's discovery motions are without merit

Plaintiff also filed motions asking the Court to allow discovery and to compel discovery from Defendants Pedraza and Martin. (Doc. 65). This is not the first discovery motion that Plaintiff has filed. Before any defendant had answered, Plaintiff filed a motion for discovery, in which he asked for certain material to be produced. (Doc. 27). The Court denied the motion as premature because discovery had not yet started. (Doc. 31). Except for Defendant Padraza, the case is still in a similar posture. As permitted by this order, Defendant Martin is required to file an answer to the complaint on or before August 27, 2024, which would begin his discovery period. *See* (Doc. 24, p. 17-18). Because the remaining Defendants have not yet been served, the discovery period has not commenced as to claims against them. (*Id.*)

Plaintiff's current motion is construed as a request for the Court to direct him on how to conduct discovery or when to present certain documents. The Court cannot give Plaintiff legal advice or serve as his counsel. Plaintiff must conduct discovery as set forth in the screening orders and in the Federal Rules of Civil Procedure. The discovery period has been active as to Defendant Padraza, and Plaintiff does not require this Court's permission to seek discovery from Defendant. Plaintiff has not identified any specific discovery requests that Defendant Padraza has failed to answer that would be subject to a motion to compel. Therefore, Plaintiff's motion to allow him discovery and to compel discovery (Doc. 65) is **DENIED**.

Although Plaintiff's discovery motion lacks merit, an extension of the discovery period is warranted as to Defendant Padraza, to correspond with the period for Defendant Martin. The discovery period for both Defendants Padraza and Martin will run until November 25, 2024. Dispositive motions will then be due on December 27, 2024.

**SO ORDERED**, this 6th day of August, 2024.

        s/ Charles H. Weigle_____
        Charles H. Weigle
        United States Magistrate Judge