IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JIMMY MACK RICE,** : | | |
| : | | |
| Plaintiff, : | | Case No.: 5:23-cv-391-MTT-CHW |
| : | | |
| V. : | | |
| : | | Proceedings Under 42 U.S.C. § 1983 |
| **Warden BERRY**, *et al.*, : | | Before the U.S. Magistrate Judge |
| : | | |
| Defendants. : | | |
| : | | |

## ORDER

Plaintiff Jimmy Mack Rice, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Baldwin State Prison. (Doc. 1). When his first complaint was screened (Doc. 24), Plaintiff's claims against Defendants Padraza and Martin were allowed to proceed for factual development. (*Id.*) Both Defendants Padraza and Martin have answered (Docs. 53, 74), and the discovery period for them was previously extended until December 23, 2024. (Doc. 83).

Plaintiff has also amended and supplemented his complaint. (Docs. 34, 49). In the order screening these amended filings, the Court allowed Plaintiff to proceed with claims against added Defendants Little and Williams for failing to intervene in the attack by Defendant Padraza. (Doc. 56). Defendants Little and Williams were personally served on December 6, 2024. (Doc. 84). Defendant Little answered Plaintiff's amended complaint on December 26, 2024 (Doc. 86), but Defendant Williams has not answered or otherwise filed an appearance in this case.

Now pending before the Court are Plaintiff's motion for court appointed counsel (Doc. 87) and a motion for documents. (Doc. 88).

*Motion to Appoint Counsel (Doc. 87)*

Plaintiff has made multiple requests for court appointed counsel (Docs. 8, 21, 40, 44), all

of which were denied. (Docs. 11, 24, 56). Plaintiff's current motion does not present any new basis for appointment of counsel. For the reasons already explained to Plaintiff, his motion to appoint counsel (Doc. 88) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, *on its own motion and accord*, will consider assisting him in securing legal counsel at that time. *Plaintiff should not file additional requests for counsel.*

<u>Motion for Documents (Doc. 88)</u>

Plaintiff has filed a letter in which he requests hospital records, all medical records that the Department of Corrections has, Department of Corrections' reports and log books, a statement from non-defendant prison staff, and an order that his court-ordered deposition be taken as soon as possible. (Doc. 88). The Court is not in possession of these documents and construes Plaintiff's letter as a motion to compel discovery. The Court will not entertain motions to compel absent a certification that the movant first attempted to confer, in good faith, with the Defendants to seek the requested information without court action. Fed. R. Civ. P. 37. Local Rule 37. Plaintiff's motion is unaccompanied by any such certification or other indication that he has attempted to obtain these records from Defendants. Therefore, Plaintiff's motion for documents (Doc. 88) is **DENIED**.

Plaintiff also asks that his court ordered deposition take place as soon as possible. The docket shows no such order. *See Docket.* Instead, the screening orders explained the parties' obligations to comply with discovery and for Plaintiff to participate in a deposition should one be taken. (Doc. 24, p. 17-18; Doc. 56, p. 11-12). These orders also explained that Plaintiff may seek discovery from Defendants in accordance with the Federal Rules of Civil Procedure. (*Id.*) To the extent that Plaintiff seeks the documents listed in his motion from Defendants, Plaintiff must

comply with discovery as set forth in those orders.

*Discovery Extension*

In reviewing the record, the Court finds that reopening and extending the discover period for Defendants Padraza and Martin to align with Defendant Little is appropriate and judicially efficient. Therefore, the discovery period for Defendants Padraza and Martin is hereby **REOPENED AND EXTENDED** until March 26, 2025, when Defendant Little's discovery period ends. Dispositive motions for all parties are due on April 25, 2025.

*Status Report*

As noted above, Defendant Williams has been served but has not answered. Defense counsel is hereby **DIRECTED** to provide a status report to the Court within 10 days of this order and state whether they have been retained to represent Defendant Williams and whether a responsive pleading is forthcoming.

**SO DIRECTED AND ORDERED**, this 6th day of February, 2025

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge