**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JIMMY MACK RICE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 5:23-cv-391-MTT-CHW** |
| | : | |
| **V.** | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Warden BERRY,** *et al.*, | : | **Before the U.S. Magistrate Judge** |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

Plaintiff Jimmy Mack Rice, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration at Baldwin State Prison. (Doc. 1). When his first complaint was screened (Doc. 24), Plaintiff's claims against Defendants Padraza and Martin were allowed to proceed for factual development. (*Id*.) Plaintiff has also amended and supplemented his complaint. (Docs. 34, 49). In the screening order addressing these amended filings, the Court allowed Plaintiff to add Defendants Little and Williams, and his claims against them for failing to intervene in the attack by Defendant Padraza were allowed to proceed. (Doc. 56). All Defendants have answered, and the last discovery extension expired March 26, 2025. (Doc. 89). Dispositive motions were due April 25, 2025. (*Id*.) Defendants Little, Williams, and Martin filed a motion for judgment on the pleadings (Doc. 97), and Defendants Little and Williams filed a motion for summary judgment (Doc. 100) by the dispositive motion deadline. During this timeframe, Plaintiff provided notice of his pending release from prison and a change of address. (Doc. 104). The Court's notices to Plaintiff about the importance of responding to Defendants' motions were returned to the Court with a note that Plaintiff had been released. (Doc. 99, 101, 107, 108).

Now pending before the Court are Plaintiff's request for continuance (Doc. 105) and a motion to compel. (Doc. 106).

*Motion to Compel (Doc. 106)*

Plaintiff's motion to compel (Doc. 106) is without merit. First, the motion is incoherent and does not plainly assert what requests or documents Defendants have failed to answer or provide during discovery. (Doc. 106). Even if Plaintiff had set forth how Defendants failed to comply with discovery, Plaintiff's motion is unaccompanied by any certificate or any indication he has attempted to get discovery from Defendants. As the Court has explained, the Court will not entertain motions to compel absent a certificate that the movant first attempted to confer, in good faith, with the Defendants to seek the requested information without court action. Fed. R. Civ. P. 37. Local Rule 37. Plaintiff's motion to compel (Doc. 106) is **DENIED**.

*Request for Continuance (Doc. 105)*

Plaintiff has requested a continuance so that he may have additional time to pursue his case following his release from prison. (Doc. 105). Defense counsel mailed copies of the motions to Plaintiff at his last prison and to his updated address (*See* Doc. 97, p. 3; Doc. 100, p. 3), but, as noted above, the Court's notices about the motions were returned. Out of an abundance of caution, Plaintiff's request for continuance (Doc. 105) is construed as a motion for extension of time to respond to Defendant's motions and is hereby **GRANTED**. The Clerk of Court is **DIRECTED** to re-send the notices (Docs. 99, 101) about Defendants' motions to Plaintiff at his updated address. Plaintiff's responses to both motions are due June 27, 2025.

**SO DIRECTED AND ORDERED**, this 30th day of May, 2025

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge